UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-22499-GAYLES

**GLORIA SMITH**,

    Plaintiff,

v.

**SELECT PORTFOLIO SERVICING INC.,
DLJ MORTGAGE CAPITAL INC., and
METROPOLITAN INSURANCE COMPANY**,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. On August 8, 2022, Plaintiff Gloria Smith, appearing *pro se*, filed a Complaint against Defendants Select Portfolio Servicing Inc., DLJ Mortgage Capital Inc., and Metropolitan Insurance Company. [ECF No. 1]. Plaintiff has not paid the required filing fee, *id.*, so the Court proceeds as if Plaintiff is moving to proceed *in forma pauperis*. As a result, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), are applicable. Pursuant to that statute, the Court must dismiss a case if it determines that "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Upon an initial screening, the Court finds that the Complaint must be dismissed because it fails to state a claim on which the Court may grant relief.

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba*

*v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). "A complaint fails to state a claim if it fails to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Smith v. Att'y Gen.*, 637 F. App'x 574, 574 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). A party should also state "each claim founded on a separate transaction or occurrence . . . in a separate count" to promote clarity. *Id.*

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citing *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991)). "When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend [her] complaint instead of dismissing it." *Humphrey v. Sec'y, U.S. Dep't of Homeland Sec.*, 597 F. App'x 571, 573 (11th Cir. 2014) (citation omitted). "However, this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (citations and internal quotation marks omitted).

As an initial matter, the Court notes that Plaintiff has made multiple attempts to assert similar claims against Defendant Select Portfolio Servicing Inc. *See Smith v. Select Portfolio Servicing Inc.*, No. 21-CIV-23404, [ECF No. 5], (S.D. Fla. Oct. 27, 2021) (dismissing complaint

for failure to state a claim); *Smith v. Select Portfolio Servicing*, No. 20-CIV-24543, [ECF No. 5] (S.D. Fla. Nov. 12, 2020) (recommending dismissal of complaint for lack of federal question or diversity jurisdiction), *adopted and affirmed*, [ECF No. 13] (S.D. Fla. Jan. 22, 2021); *Smith v. Select Portfolio Servicing*, No. 20-CIV-24204, [ECF No. 4] (S.D. Fla. Oct. 14, 2020) (dismissing complaint without prejudice for failure to properly assert jurisdiction or a meritorious claim). Plaintiff fares no better this time.

In the Complaint, Plaintiff alleges that Defendants fraudulently obtained a real estate mortgage in her name and a subsequent fraudulent foreclosure notice against her. However, Plaintiff fails to satisfy the pleading requirements of the Federal Rules of Civil Procedure. Plaintiff does not clearly state her legal claims or assert specific causes of action. Indeed, the Court is unable to discern what claims Plaintiff is attempting to bring in this action. And if Plaintiff is attempting to state a claim under Fla. Stat. § 817.545, *see* [ECF No. 1-1], that is a criminal statute which does not confer a private right of action. *Smith v. Select Portfolio Servicing Inc.*, No. 21-CV-23404, 2021 WL 4989925, at *2 (S.D. Fla. Oct. 27, 2021). Moreover, a fraud-based claim is subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading standard which requires Plaintiff to identify:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Id.* at 2–3 (citation omitted). Because Plaintiff does not have a private right of action under § 817.545, and because she fails to allege her claims with sufficient particularity, the Complaint shall be dismissed.

3

Accordingly, it is **ORDERED AND ADJUDGED** that this action is **DISMISSED without prejudice** and **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of August, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE